IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEFLORE COUNTY BOARD
OF SUPERVISORS                                                                                    PLAINTIFF

V.                                                                            CIVIL CAUSE NO. 4:24-cv-33-DAS

MERITOR, INC., ET AL                                                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Before the court are motions to dismiss and motions to take judicial notice filed by Textron, Inc., The Boeing Company, and Rockwell Automation, Inc. Because the parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion. After reviewing the parties' submissions, the record, and the applicable law, the court is prepared to rule.

*Relevant Background*

The plaintiff Leflore County Board of Supervisors filed a Complaint against the defendants Rockwell Automation, Inc., Textron, Inc., The Boeing Company, Textron, Inc. and Meritor, Inc. in the Circuit Court of Leflore County, Mississippi on December 5, 2023, and the case was removed on March 27, 2024. The pertinent allegations in the Complaint are as follows.

From 1965 to 1985, Rockwell International Corporation[1] operated the Grenada Plant, a hubcap manufacturing and chrome plating facility that utilized certain solvents and chemicals in

---

[1] According to the Complaint, in 1996, Rockwell International Corporation created a subsidiary known as New Rockwell International Corporation which assumed all liabilities arising out of Rockwell International Corporation's operations of the Grenada Plant. Its name was ultimately changed to Rockwell Automation through a series of corporate transactions, and as the successor in interest to New Rockwell International Corporation, Rockwell Automation likewise assumed all liabilities arising out of the operation of the Grenada Plant. Although no specific allegations are asserted against The Boeing Company, the Complaint states "through a series of corporate transactions, Rockwell International Corporation merged with Boeing NA, Inc., which later merged into The Boeing Company. The Complaint

the manufacturing process. The plaintiff contends that during Rockwell's operation of the Grenada Plant, chemicals such as Trichloroethylene ("TCE") and Toluene were stored in above- and belowground tanks that leaked, contaminating the soil and groundwater. Additionally, waste generated at various stages of the production process was improperly disposed of at off-site landfills along Moose Lodge Road.

In 1985, Randall Wheel Trim, a subsidiary of Textron, Inc., purchased the Grenada Plant from Rockwell and "continued to manufacture hubcaps and utilize[] the same chemicals, processes and procedures formerly employed by Rockwell." In 1987, Randal Wheel Trim, Inc. merged with and into Textron, and Textron operated the Grenada Plant until 1999.

In the late 1980s to early 1990s, the Mississippi Department of Environmental Quality (MDEQ) and the United States Environmental Protection Agency (EPA) conducted an environmental investigation on the Grenada Plant premises and at the off-site landfill along Moose Lodge Road and confirmed that soil and groundwater were contaminated by concentrations of hazardous wastes and chemicals exceeding regulatory standards. The Complaint alleges that following these investigations, "Meritor engaged in various efforts to remediate the Grenada Plant and mitigate the contamination."[2] Notably, these remediation efforts included the relocation of approximately 7,243 tons of allegedly hazardous waste material from the Moose Lodge Road disposal area to the Leflore County municipal landfill in Greenwood between February 16 and March 14, 2006.

---

claims "The Boeing Company is the corporate successor in interest to Rockwell International Corporation which owned and operated the Grenada plant from approximately 1965 to 1985."

[2] The Complaint does not allege when Meritor, Inc. assumed ownership of the Grenada Plant, but does claim that "through one or more corporate transactions, Meritor expressly assumed and acquired the environmental liabilities of Rockwell International Corporation arising out of its operation of the Grenada Plant."

The plaintiff maintains Meritor improperly disposed of these waste materials at the Leflore County municipal landfill by representing to MDEQ that the waste materials only contained low concentrations of TCE, when in fact they contained TCE soil concentrations exceeding the restricted use standard as well as other hazardous materials that should not have been disposed of in a nonhazardous landfill. The plaintiff claims that "while Defendants have been held responsible to remediate the Grenada Plant, they have not remediated Plaintiff's Solid Waste landfill which they contaminated." The Complaint provides that in violation of state and federal law and regulation, the defendants "intentionally, recklessly and/or negligently contaminated the Plaintiff's municipal landfill by disposing of its hazardous waste without conducting proper and adequate testing and characterization of the wastes" causing "contamination of Plaintiff's municipal landfill, which is continuing in nature and constitutes a continuing public nuisance and continuing trespass for which Defendants are responsible."

*Analysis and Discussion*

I. *Legal Analysis*

As a general matter, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Considering the interplay between Rule 8 and Rule 12, the United States Supreme Court explained:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

> defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–58 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), the court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and "rarely granted." *Brown v. Phoenix Life Ins. Co.*, 843 F. App'x 533, 538-39 (5th Cir. 2021). Though a "formulaic recitation of the elements" will not suffice, Rule 8 "does not require detailed factual allegations." *Id*. So long as the plaintiff's complaint "raise[s] a right to relief above the speculative level," it will survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II. *Motions to Dismiss*

The defendants Textron, Boeing, and Rockwell (collectively referred to as "defendants" for the purpose of this opinion) have filed substantially similar motions to dismiss for failure to state a claim. The defendants assert three bases for dismissal: the plaintiff's failure to allege any conduct attributable to these defendants which proximately caused the alleged damage; the plaintiff's claims are barred by the statute of limitations; and the plaintiff's failure to exhaust administrative remedies with the MDEQ prior to filing this action.

The Complaint alleges the defendants owed the plaintiff a duty to use reasonable care in using, handling, storing, and disposing of hazardous chemicals and toxic wastes used or produced at the Grenada Plant. The plaintiff claims the defendants breached their duty of reasonable care by failing to conduct reasonable sampling and disposing of hazardous substances

and toxic wastes at the municipal landfill. According to the plaintiff, the contamination of the municipal landfill was proximately caused by the defendants' conduct when they knowingly deposited hazardous substances at the municipal landfill.

To establish causation, a plaintiff is required to prove causation in fact and proximate cause. *Patterson v. Liberty Assocs., L.P.*, 910 So. 2d 1014, 1019 (Miss. 2004). As to the former, "the plaintiff must make a showing that 'affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.'" *Dickey v. Baptist Mem'l Hosp.-N. Miss.*, 146 F.3d 262, 267 (5th Cir. 1998). Proximate cause, by comparison, is "that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." *Patterson*, 910 So. 2d at 1019 (quoting *Delahoussaye v. Mary Mahoney's, Inc.*, 783 So. 2d 666, 671 (Miss. 2001)) (quotation marks omitted). This requires a "reasonable connection between the defendant's breach and the damage that the plaintiff has suffered." *Dickey*, 146 F.3d at 267.

The defendants argue the Complaint fails specifically to allege wrongful conduct attributable to Textron, Boeing, or Rockwell that allegedly caused damage to the plaintiff's municipal landfill. Textron correctly points out that "[t]he only *plausible* and legally cognizable basis for Leflore County's lawsuit seeking damages and injunctive relief is the alleged wrongful disposal of approximately 7,243 tons of waste material containing hazardous substances at the Leflore County landfill." While the Complaint alleges the defendants were each among the *generators* of the hazardous waste at issue, this general assertion is insufficient to state a claim for the *disposal* of hazardous waste at the municipal landfill in 2006 – the event giving rise to the plaintiff's claims for relief in this action.

The *only* defendant explicitly alleged to have disposed of hazardous waste at the municipal landfill is Meritor.³ The Complaint alleges "*Meritor* improperly disposed of hazardous waste from the Grenada Plant Superfund site, placing hundreds of tons of hazardous wastes in Plaintiff's non-hazardous landfill." The plaintiff claims *Meritor* accomplished this by misrepresenting to MDEQ that the waste contained low concentrations of TCE, permitting disposal at an unrestricted landfill. The Complaint continues, "[b]ased on *Meritor's* representations to MDEQ that the waste to be disposed of was non-hazardous, MDEQ gave *Meritor* approval to dispose of TCE wastes only at a non-hazardous waste facility."⁴

These specific allegations against Meritor are significant considering the Fifth Circuit's rationale in *Nishida v. E. I. Du Pont De Nemours & Company*, 245 F.2d 768 (5th Cir. 1957).⁵ In *Nishida*, the court examined the doctrine of intervening cause which is instructive here:

---

³ The plaintiff makes the same allegation against the defendants collectively, however, such a general assertion is insufficient to state a claim especially in light of the Complaint's specificity with respect to Meritor's alleged conduct. Specifically, the plaintiff claims the "[d]efendants [collectively] failed to adequately and reasonably test, treat and confirm that contaminated wastes could be safely and legally disposed of at Plaintiff's Solid Waste Landfill" and "contaminated the Plaintiff's municipal landfill by disposing of its hazardous waste without conducting proper and adequate testing and characterization of the wastes." Boeing and Rockwell argue, and the court agrees, that the plaintiff's "vague and general assertions that 'Defendants' collectively, are at fault for the alleged wrong" are insufficient. "[B]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint fail[s] to satisfy [Rule 8]." *See Sahlein v. Red Oak Cap., Inc.*, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (*citing Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)).
     The *Sahlein* court categorized a complaint attributing "discrete actions … to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants" as a "quintessential shotgun pleading subject to dismissal pursuant to Rule 12(b)(6)." *Id*. at *4. Here, with respect to Textron, Boeing, and Rockwell, the Complaint only contains general assertions that the "defendants" disposed of hazardous waste at the municipal landfill. Accordingly, as to these defendants, the Complaint is a "quintessential shotgun pleading subject to dismissal pursuant to Rule 12(b)(6). *Sahlein*, at *4.
⁴ Meritor is the only defendant alleged to have an ownership interest in the Grenada Plant as of February 16, 2006. Following the chain of corporate succession as alleged in the Complaint backwards, "Meritor expressly assumed and acquired the environmental liabilities of Rockwell International Corporation arising out of its operation of the Grenada plant." Textron and/or its subsidiary Randall Wheel Trim operated the Grenada Plant between 1985 and 1999. Rockwell International Corporation operated the Grenada Plant from 1965 to 1985.
⁵ In this case, the defendant Du Pont manufactured a solvent that a second manufacturer used to extract oil from soybeans. The remaining soybean meal was sold for cattle feed. Du Pont learned that its solvent

> [W]here the second actor after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident.

*Id*. at 773 (quoting 38 Am. Jur. 731, Negligence, par. 72) (currently located at 57A Am. Jur. 2d Negligence § 612). While the facts of this action do not involve the duty to warn as in *Nishida*, the logic of the doctrine of intervening cause applies. To the extent the defendants may be liable (whether to the plaintiff or otherwise) for generating hazardous waste, the plaintiff specifically alleges that an intervening actor, Meritor, improperly disposed of hazardous waste at the municipal landfill and thus proximately caused the plaintiff's injury in fact. While this is in no way conclusive of liability, it is sufficient to state a claim upon which relief can be granted, but only against Meritor.

The plaintiff's specific allegations against Meritor for the conduct giving rise to the claims in this action in conjunction with the shotgun pleading against the remaining defendants warrants dismissal of the plaintiff's claims against Textron, Boeing, and Rockwell.[6]

III. *Motions for Judicial Notice*

The defendants have each filed motions asking the court to take judicial notice of information contained in a fact sheet generated by the Mississippi Department of Environmental

---

might be associated with a disease in cattle that had eaten the soybean meal and notified the second manufacturer that the soybean meal should not be used as cattle feed. The second manufacturer disregarded the warning and continued to sell the soybean meal. The Fifth Circuit held that Du Pont's duty to warn the second manufacturer was satisfied, and the second manufacturer's continued sale was the cattle feed was an intervening cause that relieved Du Pont of responsibility.

[6] As alternative bases for dismissal, the defendants argue the plaintiff's claims are barred by the statute of limitations and the plaintiff's failure to exhaust its administrative remedies with the MDEQ. Because the court has determined the Complaint fails to state a claim under Rule 12(b)(6) for the reasons stated herein, the court sees no need to address these arguments.

Quality concerning the Moose Lodge Road Disposal Site and Moose Lodge Road Area in Grenada, Mississippi. The defendants argue the court must take judicial notice of this public record under Federal Rule of Evidence 201. They claim the fact sheet establishes Meritor was the only defendant involved in the alleged disposal of waste at the municipal landfill, supporting their arguments for dismissal. The plaintiff opposes the defendants' motions arguing the information contained in the fact sheet is subject to reasonable dispute, and therefore, judicial notice is not proper.

Because the court has decided the motions to dismiss based on the pleadings, the motions for judicial notice are denied. In denying the motions, the court makes no determination as to whether the information contained in the fact sheet is subject to reasonable dispute or whether judicial notice under Federal Rule of Evidence 201 is appropriate.

IV. *Conclusion*

For the reasons stated herein, Textron, Inc.'s, The Boeing Company's, and Rockwell Automation, Inc.'s motions to dismiss are granted, and the motions for judicial notice are denied.

SO ORDERED, this the 6th day of February, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE