IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEFLORE COUNTY BOARD
OF SUPERVISORS                                                                                          PLAINTIFF

V.                                                                                     CIVIL CAUSE NO. 4:24-cv-33-DAS

MERITOR, INC., ET AL                                                                                DEFENDANTS

ORDER GRANTING MOTION TO STRIKE

Before the court is defendant Meritor, Inc.'s Motion to Strike the Second Supplemental Report of Plaintiff's Expert D. Scott Simonton. Doc. 124. The second supplemental report contains opinions markedly different from those set forth in the original, first supplemental, and rebuttal reports and was made beyond the permissible deadline for supplementing expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(D)-(E) and Local Uniform Civil Rule 26(a)(2) and (5). For this and the reasons discussed below, the motion to strike will be GRANTED.

*Background and Procedural History*

The plaintiff submitted Mr. Simonton's initial expert report on November 25, 2024, the deadline for the plaintiff's expert designation imposed by the original Case Management Order. Notably, the initial report contains a cost estimate of $170,382.50 for "waste characterization" based on the plaintiff's belief that Meritor disposed of hazardous wastes in a certain limited area of the Leflore County municipal landfill. On January 29, 2025, after Mr. Simonton's initial expert report was produced, the parties deposed Leflore County's landfill operator, Waste Connections, whose representative testified it had no way to determine where the allegedly hazardous waste was disposed of within the Leflore County municipal landfill. This testimony is the alleged basis for the opinion offered in Mr. Simonton's second supplemental report.

After the Waste Connections deposition, Mr. Simonton's first supplemental report was submitted on April 15, 2025, and his rebuttal report was submitted on June 5, 2025. Neither report contains a new or revised cost estimate based on Waste Connections' opinion that there was no way to determine the location of the contaminated soils at the municipal landfill. Meritor deposed Mr. Simonton on June 30, 2025, and the discovery period closed on August 8, 2025.

On August 29, 2025, the plaintiff submitted Mr. Simonton's second supplemental report, the subject of the instant motion, containing "a Remedial Investigation cost estimate" totaling $3,163,902.50 to account for the supposedly unknown whereabouts of contaminated soil within the Leflore County municipal landfill and the resulting need for an expanded investigation that would require increased sampling.

*Analysis*

The plaintiff's expert designation deadline was November 25, 2024 [Doc. 77], and under Local Uniform Civil Rule 26(a)(5), any supplement to Mr. Simonton's expert report was due no later than the discovery deadline of August 8, 2025 [Doc. 114]. "If a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Consistent with these rules, "it is appropriate to strike or exclude from consideration supplemental expert reports which are filed after the expert disclosure deadline and which amount to new opinions." *Cooper v. Meritor, Inc.*, 2020 WL 5765004, at *3 (N.D. Miss. Sept. 28, 2020). If the movant satisfies its initial burden of establishing its adversary failed to timely disclose expert opinions as required by Federal Rule of Civil Procedure 26, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *Id*.

I. *Whether the second supplemental report contains new opinions*

Generally, "[c]ourts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship and have repeatedly rejected attempts by parties to bolster their position at summary judgment by 'supplementing' an expert report with a 'new and improved' expert report." *Id*. at *4 (internal citation omitted). The plaintiff argues the estimate in the second supplemental report "is merely a recalculation of [Simonton's] mathematical formulas based on new information, i.e. Meritor's lack of knowledge of where it caused the hazardous wastes to be dumped." However, Meritor argues the supplemental report sets forth "an entirely new theory of damages" not previously disclosed and without good cause. The court agrees.

Mr. Simonton's second supplemental report contains a Remedial Investigation ("RI") cost estimate based on entirely new criteria and considerations – all known to the plaintiff as early as January 2025 but not included in the initial or other previously supplemented reports. Regardless of whether the earlier reports contained opinions about the need for an RI (the parties dispute this), the second supplemental report provides an entirely new cost estimate based on Waste Connections' opinion that there was no way to determine the location of the contaminated soils at the municipal landfill as opposed to the prior opinion that Meritor disposed of hazardous wastes only in a certain limited area. The plaintiff's attempt to introduce new opinions through an untimely supplement is improper.

II. *Whether the new opinions are substantially justified or harmless*

Where a supplemental report contains new opinions, the court must then consider whether the failure to disclose these opinions by the imposed deadlines was substantially justified or is harmless by evaluating the following four factors: (1) the explanation for the

failure; (2) the importance of the testimony; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). The plaintiff offers no explanation for the failure to supplement Mr. Simonton's opinion at any point during the seven-month period after Waste Connections' deposition and before the expiration of the discovery deadline. This delay certainly mitigates against the alleged importance of the opinion. Despite the plaintiff's arguments to the contrary, the prejudice to Meritor is clear: the second supplemental opinion is neither a minor amendment nor a recalculation. The discovery period is closed, and the motions deadline has passed. Meritor has had no opportunity to seek discovery regarding this opinion or have its own expert review and respond in their report. Finally, to continue the trial setting and reopen discovery to mitigate the prejudice to Meritor would require the court to ignore the plaintiff's failure to establish the first three factors.

The court concludes the untimely disclosure of Mr. Simonton's second supplemental report was not substantially justified or harmless. Therefore, exclusion is required. Meritor's motion to strike is GRANTED.

SO ORDERED, this the 29th day of October, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE